UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MILLWORKS CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-177 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| ENVIRONMENTAL, SAFETY & HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendant's Motion to Compel [Doc. 16]. In its Motion to Compel, Defendant submits that it served its First Interrogatories and Requests for Production upon Plaintiff's counsel on February 26, 2013. A copy of the First Interrogatories and Requests for Production is attached to Defendant's Motion. [Doc. 16-5]. Plaintiff has not provided responses to the First Interrogatories and Requests for Production. Defendant's counsel has attempted to confer with the Plaintiff and secure responses numerous times, and Defendant's counsel reminded Plaintiff's counsel that the deadline for completing discovery in this case was set to expired May 7, 2013. [Docs. 16-1, 16-2, 16-3]. Despite these efforts, Plaintiff did not respond to the written discovery, and Defendant was forced to file the instant Motion to Compel on June 6, 2013. Additionally, the District Judge was required to delay the trial of this matter due to this discovery issue. [See Doc. 18].

The Plaintiff has not responded to the Motion to Compel, and its time for responding has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d); 5(b)(2)(E).

The Court finds that the Defendant's Motion to Compel is well-taken. First, the Court finds that the Plaintiff has clearly failed to comply with its discovery obligations under the Federal Rules of Civil Procedure. Plaintiff did not timely responded to the Defendant's written discovery, and despite being reminded of Plaintiff's obligations, Plaintiff and its counsel have persisted in their refusal to respond to discovery.

In addition, the Plaintiff has failed to respond to the Motion to Compel within the time allotted under Local Rule 7.1(a). The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012).

Based upon the foregoing, the Court finds that the Motion to Compel **[Doc. 16]** is well-taken, and it is **GRANTED**. Plaintiff **SHALL RESPOND** to the Defendant's First Set of Interrogatories and Requests for Production in a full and complete manner on or before **July 15, 2013**.[1] Failure to comply with this Memorandum and Order may result in sanctions under Rule 37 including *inter alia* a recommendation that Plaintiff's claims be dismissed by the District Judge. See Fed. R. Civ. P. 37(b).

---

[1] Counsel for the Defendant represented to the Chambers of the undersigned that the Plaintiff has responded to the written discovery as of July 5, 2013. It is unclear when and to what extent Plaintiff responded. To the extent any response is not full and complete, Plaintiff has until July 15, 2013, to fully respond.

Rule 37 provides that if a motion to compel is granted the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay movant's reasonable expenses." Fed. R. Civ. P. 37(a)(5). Accordingly, Plaintiff is **ORDERED** to show cause in writing on or before **July 19, 2013**, as to why the Court should not award the Defendant the fees and costs it incurred in filing this motion.

    **IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge