UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MILLWORKS CONSTRUCTION, LLC,   )<br>                                                             )<br>           Plaintiff,                              )<br>                                                             )<br>v.                                                          )<br>                                                             )<br>ENVIRONMENTAL, SAFETY & HEALTH, INC.,)<br>                                                             )<br>           Defendant.                          ) | No. 3:12-CV-177<br>(VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On July 8, 2013, the Court entered a Memorandum and Order [Doc. 19], granting a Motion to Compel filed by the Defendant. The Court ordered, *inter alia*: "Plaintiff is **ORDERED** to show cause in writing on or before **July 19, 2013**, as to why the Court should not award the Defendant the fees and costs it incurred in filing this motion." [Doc. 19 at 3 (emphasis in the original)]. The Plaintiff failed to file any document purporting to demonstrate why the Court should not award fees and expenses.

In a Memorandum and Order entered July 25, 2013, the Court found that reasonable attorneys' fees and expenses incurred in filing the Motion to Compel [Doc. 16], should be awarded to the Defendant. The Court ordered that the Defendant file a statement of fees and expenses incurred in filing the Motion to Compel, along appropriate supporting documents or sworn statements, on or before August 9, 2013. The Plaintiff was afforded up to and including August 23, 2013, in which to object to the reasonableness of the fees and expenses requested.

On July 30, 2013, the Defendant filed its Statement of Attorney Fees [Doc. 21], stating that Thomas M. Hale had worked .5 hours on the Motion to Compel at a rate of $250.00 per hour and stating that Adam G. Russell had worked 2.0 hours on the Motion to Compel at a rate of $175.00 per hour. In total, Defendant requests an award of $475.00 in fees, and Defendant has submitted the Affidavit of Adam Russell [Doc. 21-1], in support of this request.

The Plaintiff did not object to the amount requested, and the time for doing so has expired.

Based upon the foregoing, the Court finds that the Defendant's request for an award of $475.00, representing the attorneys' fees incurred in filing its Motion to Compel, is well-taken. Accordingly, Plaintiff is **ORDERED** to pay Defendant **$475.00,** either directly or through its counsel, on or before **November 1, 2013**.

The Plaintiff is **ADMONISHED** that failure to comply with this Memorandum and Order may result in a recommendation to the District Judge that: "designated facts be taken as established for purposes of the action"; Plaintiff be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; pleadings be struck in whole or part; the failure to obey the Court's Memorandum and Order be treated as contempt of court; Defendant be awarded attorney's fees and expenses; and/or this case be **dismissed** in whole or part. See Fed. R. Civ. P. 37(a)-(b).

The Clerk of Court is **DIRECTED** to mail a copy of this Order, via certified mail, to Plaintiff's counsel William W. Hopson, 452 Rockford Pass SW, Marietta, GA 30064-4670.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge