UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MILLWORKS CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-177-TAV-HBG |
| | ) | |
| ENVIRONMENTAL, SAFETY & HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED[1] REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Sanctions [Doc. 24]. The Court finds that this motion is now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that this motion be **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff brought this suit to recover payments that were allegedly owed to it pursuant to a contract with the Defendant. Plaintiff argued that Defendant had not fully paid Plaintiff for clean-up and restoration work it had performed at the Naval Support Activity Mid-South in Millington, Tennessee.

---

[1] This Amended Report and Recommendation is substantively identical to the Report and Recommendation entered April 8, 2014, except that a typographical error on page 8 and a typographical error on page 10 have been corrected. Both errors entailed the use of the term "Defendant" where the term "Plaintiff" should have appeared. The parties shall calculate their time for objecting to the undersigned's recommendations from the date the Clerk of Court enters this Amended Report and Recommendation.

The Plaintiff's Complaint [Doc. 1] was filed April 16, 2012. Defendant answered the Complaint on July 20, 2012, [see Doc. 8], and on August 7, 2012, a Scheduling Order [Doc. 10] was entered setting the case for trial on August 5, 2013. The Scheduling Order set the deadline for completing discovery as ninety-days before trial, *i.e.* May 6, 2014. [Id. at 3]. At the parties' request, the deadline for completing discovery was reset to July 12, 2013. [Doc. 14].

On June 6, 2013, the Defendant filed a Motion to Compel [Doc. 16], in which it moved the Court to order Plaintiff to respond to Defendant's First Interrogatories and Requests for Production. Defendant represented that this written discovery had been served upon Plaintiff's counsel on February 26, 2013, and thus, the discovery was in excess of sixty-days overdue at the time the Motion to Compel was filed. The Plaintiff did not respond to the Motion to Compel and, thereby, acquiesced to the relief requested. The Plaintiff did not offer any explanation for its failure to comply with its discovery obligations.

Therefore, on July 8, 2013, the undersigned entered a Memorandum and Order granting the Motion to Compel, explaining:

> The Court finds that the Defendant's Motion to Compel is well-taken. First, the Court finds that the Plaintiff has clearly failed to comply with its discovery obligations under the Federal Rules of Civil Procedure. Plaintiff did not timely responded to the Defendant's written discovery, and despite being reminded of Plaintiff's obligations, Plaintiff and its counsel have persisted in their refusal to respond to discovery.

[Doc. 19 at 2]. The Court also warned the Plaintiff: "Failure to comply with this Memorandum and Order may result in sanctions under Rule 37 including *inter alia* a recommendation that Plaintiff's claims be dismissed by the District Judge." See Fed. R. Civ. P. 37(b).

The Court also ordered Plaintiff to show cause as to why fees and expenses should not be awarded pursuant to Rule 37 on or before July 19, 2014. The Plaintiff did not respond to the

Court's Order to Show Cause, and on August 30, 2013, the Court ordered that the Plaintiff pay the Defendant $475.00, representing the fees and costs incurred in litigating the Motion to Compel. The Plaintiff remitted this payment to the Defendant on or before November 1, 2013. [See Doc. 26].

As a result of the Motion to Compel and Plaintiff's failure to comply with its discovery obligations, the Court continued the trial of this matter to May 19, 2014, by an Order entered July 2, 2013. [Docs. 17, 18]. Thus, the deadline for completing discovery was extended to February 18, 2014.

On December 11, 2013, counsel for Defendant emailed Plaintiff's counsel to schedule depositions of Lee Upshaw, Brad Russell, and Scott Bloodstone. [Doc. 24-1 at 1]. Defense counsel identified ten dates in January 2014 that he was available to take the depositions. [Id.]. On December 20, 2013, counsel for Defendant wrote to Plaintiff's counsel about scheduling these depositions. [Id. at 2]. On January 6, 2014, counsel for Defendant contacted Plaintiff's counsel for the third time requesting that defense counsel assist in scheduling "[his] client's depositions" and noting that if defense counsel did not hear back within two days, he would notice the depositions. [Id. at 5]. Plaintiff's counsel responded by stating that he had misplaced the dates that defense counsel has previously provided. The dates were resent to him, but he never responded. [Id. at 3-4].

On January 13, 2014, Defendant filed a Notice of Deposition stating that it would take the depositions of Lee Upshaw, Brad Russell, and Scott Bloodstone at 9:00 a.m. on January 31, 2014, at Kramer Rayson LLP, in Knoxville, Tennessee. [Doc. 23]. On January 30, 2014, defense counsel contacted Plaintiff's counsel again, writing: "Just wanted to confirm that your folks will be in our office for depositions tomorrow." [Doc. 24-1 at 6]. Plaintiff's counsel

3

responded: "I am sorry to say I have not been able to schedule any dates as yet. I plan to talk to my client today about the situation. Will call you after I talk with him." [Id.].

The instant motion was filed February 12, 2014. On February 24, 2014, the undersigned entered an Order to Show Cause stating:

> The Court has reviewed the Defendant's Motion and has considered the procedural posture of this case. Specifically, the Court finds that the Plaintiff has engaged in a pattern of delay in this case. Accordingly, the Plaintiff is **ORDERED** to **SHOW CAUSE**, in writing, on or before **March 7, 2014**, as to why the undersigned should not recommend to the Chief District Judge that he **DISMISS** this case pursuant to Rule 37 of the Federal Rules of Civil Procedure and/or why the undersigned should not award lesser sanctions.

[Doc. 27 at 1 (emphasis in the original)].

On March 7, 2014, Plaintiff filed its Response to Show Cause Order and Defendant's Motion for Sanctions [Doc. 28], and on March 13, 2014, Defendant filed a final reply in support of its position. Plaintiff filed a sur-reply in support of its position on March 19, 2014. [Doc. 30].[2]

Accordingly, the Court finds that this issue is ripe for adjudication.

## II. POSITIONS OF THE PARTIES

Defendant moves the Court to award sanctions against the Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure. [Doc. 24]. Specifically, Defendant moves the Court to dismiss this case in its entirety, or in the alternative, Defendant moves the Court to prohibit the Plaintiff from supporting certain claims or introducing evidence through the witnesses who failed to appear on January 31, 2014. Defendant also moves the Court to award the Defendant the

---

[2] This sur-reply was filed without first receiving permission from the Court to file a sur-reply. Thus, the filing violated E.D. Tenn. L.R. 7.1(d).

attorneys fees' and costs it incurred due to the Plaintiff's failure to comply with its discovery obligations.

Plaintiff responds that the failure of the witnesses to appear on January 31, 2014, is attributable to negligence of counsel for both parties. [Doc. 28]. Counsel for the Plaintiff states that he did not realize that Plaintiff believed Mr. Russell and Mr. Bloodstone were still employed by Plaintiff. Plaintiff concedes, "This error obviously should have been called to Defendant's attention at the time by Plaintiff . . . ." [Id. at 1]. Plaintiff implies that its error is harmless and that the parties can arrange to complete these depositions and other discovery as soon as possible, "if the Court desires that this case continue to go to trial on May 19, 2014." [Id. at 2]. Plaintiff submits that it has proceeded with good faith in the discovery process. Plaintiff notes that it paid the fine previously imposed by the Court, and again, Plaintiff argues that the failure to produce witnesses on January 31, 2014, was due to mutual mistake.

Defendant responds that, in Plaintiff's initial disclosures, Plaintiff identified four persons – C. Lee Upshaw III, Brad Russell, Scott Bloodstone, and Landry Witherspoon – as employees of the Plaintiff who possessed knowledge of facts pertaining to this litigation. [Doc. 29 at 1]. Defendant states that Plaintiff has never supplemented its initial disclosures to change this representation. Defendant maintains that the correspondence between the parties' attorneys demonstrates that counsel for the Plaintiff never advised defense counsel that Mr. Russell and Mr. Bloodstone were no longer employed by the Plaintiff. Moreover, Defendant notes that Plaintiff has not disputed that Mr. Upshaw remains employed by Plaintiff. Defendant objects to describing the witnesses' failure to appear as mutual mistake, and Defendant notes that Plaintiff's counsel never advised that the witnesses would not or could not be produced, despite receipt of correspondence on both December 11 and December 20, 2013.

5

Case 3:12-cv-00177-HBG   Document 32   Filed 04/11/14   Page 5 of 10   PageID #: 186

Defendant maintains that Plaintiff has been dilatory from the beginning of this litigation, and Defendant contends Plaintiff's failure to comply with its discovery obligations has impeded Defendant's ability to defend the claims against it.

In its sur-reply, Plaintiff maintains that the initial disclosures identify Mr. Russell and Mr. Bloodstone as former employees, not current employees.

### III. ANALYSIS

Defendant alleges that Plaintiff failed to attend its own deposition and that Plaintiff did not supplement its disclosures. The Court will address each of these alleged violations of the Federal Rules of Civil Procedure in turn.

#### A. Plaintiff's Failure to Attend Its Own Deposition

Rule 37 provides that the Court may order sanctions if, "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37 (d)(1)(A)(i).

Whether a court dismisses an action pursuant to Rule 37 or Rule 41, the court considers the same four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366–67 (6th Cir. 1997) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation, Inc., 842 F.2d 150, 153–55 (6th Cir. 1997)).

A party can constructively fail to attend a deposition by providing late notice of a cancellation. Wise v. Williams, 2013 WL 1309070, at *2 -3 (M.D. Tenn., Mar. 28, 2013) (citing Spalding & Evenflo Cos., Inc. v. Graco Metal Prods., Inc., 1992 WL 109092, at *4 (N.D. Ohio Feb.14, 1992)).

In the instant case, Plaintiff's Initial Disclosures describe Lee Upshaw III as Plaintiff's chief executive officer. There is no dispute that Mr. Upshaw was and is employed by the Plaintiff as a senior officer. It is also undisputed that counsel for the Defendant emailed Plaintiff's counsel on December 11, 2013, stating that he would like to take Mr. Upshaw's deposition on one of ten dates in January 2014. [Doc. 24-1 at 1]. Plaintiff and its counsel do not deny that defense counsel wrote again on December 20, 2013, attempting to schedule Mr. Upshaw's deposition, nor do they dispute that a notice of deposition for Mr. Upshaw's deposition was filed and served through CM/ECF on January 13, 2014. Finally, the Plaintiff does not dispute the fact that counsel for the Plaintiff informed defense counsel that Mr. Upshaw would not appear for the deposition less than twenty-four hours before the time for his deposition.

The Court finds that the undisputed facts before the Court demonstrate that Mr. Upshaw, an officer of the Plaintiff, failed to attend his own deposition by providing late notice of cancellation. Moreover, the Court finds that the notice of cancellation was only provided after counsel for the Defendant sent Plaintiff's counsel an email confirmation. [See Doc. 24-1 at 6]. Therefore, the Court finds that Plaintiff violated Rule 37(d) of the Federal Rules of Civil Procedure.

The Court finds that this violation was willful and was the fault of the Plaintiff. Further, the Court finds that the Defendant has been prejudiced by the Plaintiff's failure to produce Mr.

7

Upshaw, because despite the fact that Defendant began attempting to obtain Mr. Upshaw's testimony four months ago, the Defendant has not had an opportunity to depose Mr. Upshaw and the trial in this matter will commence in less than six weeks. In addition, the Court finds that the Plaintiff has been warned previously that its failure to cooperate in discovery will not be tolerated and will lead to sanctions. However, the Court cannot find that the Plaintiff was warned that failure to cooperate in scheduling the depositions of Mr. Upshaw or others could lead to dismissal. The Court finds that less drastic sanctions have been imposed in response to Plaintiff's previous failure to cooperate in discovery, but again, the Court cannot find that an intermediate sanction has been considered with reference to this particular episode.

Accordingly, the Court finds that the appropriate sanction for the Plaintiff's failure to produce Mr. Upshaw at the time of his deposition is to prohibit the Plaintiff from introducing Mr. Upshaw's testimony in this matter. See Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court finds that this sanction is directly related to the Plaintiff's infraction, and the Court finds that the preclusion of this testimony will remedy the prejudice to the Defendant that would result from Defendant's violation of the Federal Rules of Civil Procedure. In addition, the Court will admonish the Plaintiff that further failure to comply with its discovery obligations will almost certainly result in a recommendation to the District Judge that this case be dismissed with prejudice.

**B.     Plaintiff's Failure to Supplement Disclosures**

With regard to the failure to produce Mr. Russell and Mr. Bloodstone, the Court finds that an award of attorneys' fees and expenses is appropriate. The Court will not, however, recommend more drastic sanctions, such as dismissal.

The Court has reviewed the Plaintiff's initial disclosures, and the Court finds that the disclosures are ambiguous. The disclosures stated that Mr. Russell and Mr. Bloodstone were

employed by the Plaintiff during the relevant time period.  The disclosures do not say that Mr. Russell or Mr. Bloodstone either were or were not employed by the Plaintiff at the time the disclosures were made.  The ambiguity of the disclosures was compounded by Plaintiff's counsel's careless responses to defense counsel's scheduling inquiries.  If Plaintiff's counsel had read and taken the time to thoughtfully respond to either the letter or email sent to him, the situation before the Court could have been avoided, and the Defendant could have timely subpoenaed the testimony of Mr. Russell and Mr. Bloodstone.

Due to the lack of diligence from Plaintiff's counsel, Defendant is now six weeks from trial and has not obtained this testimony.  However, again, the Court finds that a weighing of the relevant factors would not support dismissal of Plaintiff's claims at this juncture.

The Court finds that the appropriate sanction for the Plaintiff's failure to supplement its initial disclosures to indicate that Mr. Russell and Mr. Bloodstone were no longer its employees is to order that Plaintiff pay the attorney fees and costs incurred in litigating this issue.  Moreover, the Court will reopen discovery with regard to these two witnesses and order that the parties cooperate and work diligently to schedule these two depositions.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[3] that:

1. Defendant's Motion for Sanctions **[Doc. 24]** be **GRANTED IN PART** and **DENIED IN PART**;

2. Pursuant to Fed. R. Civ. P. 37 (d)(1), (d)(3) and (b)(2)(A)(ii), Plaintiff be **PROHIBITED** from presenting the testimony of C. Lee Upshaw III in support of its claims;

3. Defendant be **AWARDED** the attorneys' fees and expenses reasonable incurred in litigating this issue and be **ORDERED** to file an invoice of these fees and expenses within **five (5) days** of entry of any Order adopting this Report and Recommendation;

4. Discovery be **RE-OPENED** for purposes of taking the depositions of Brad Russell and Scott Bloodstone; and

5. The Plaintiff be **ADMONISHED** that any future failure to comply with its discovery obligations under the Federal Rules of Civil Procedure or any future failure to diligently litigate this suit is likely to result in dismissal of Plaintiff's claims with prejudice pursuant to either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

_____
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).