UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MILLWORKS CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-177- HBG |
| | ) | |
| ENVIRONMENTAL, SAFETY & HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and the consent of the parties. This case came before the Court on May 20, 2014, to address various pretrial issues. The Court announced its rulings at the hearing, and those rulings are memorialized herein.

### I. BACKGROUND

On February 12, 2014, the Defendant filed a Motion for Sanctions [Doc. 24], moving the Court to sanction the Plaintiff for failure to produce C. Lee Upshaw, III, its managing partner, for his deposition. On April 11, 2014, the undersigned issued a Report and Recommendation [Doc. 32], recommending that the District Judge grant the Motion for Sanctions in part and that the Plaintiff be prohibited from offering the testimony of Mr. Upshaw in support of its claims.

On April 25, 2014, the Plaintiff filed a Motion to Substitute Attorney [Doc. 36]. In its motion, the Plaintiff blamed its counsel, William W. Hopson, for its failure to produce Mr. Upshaw and its failure to comply with its discovery obligations in this case. Plaintiff moved the Court to relieve Mr. Hopson of his duties and to substitute Attorneys Edward H. Trent and Ashley Griffith as counsel for the Plaintiff. On the same date, the Plaintiff filed a Motion to

Continue Trial [Doc. 37] and an Objection to the Report and Recommendation [Doc. 38]. On May 7, 2014, the Court granted the Motion to Substitute Counsel, and Mr. Trent and Ms. Griffith were substituted as counsel for the Plaintiff.

On May 9, 2014, the parties consented this case to the undersigned for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

## II. ANALYSIS

The Court will address the issues presented in turn.

### A. Motion for Sanctions [Doc. 24] and Pending Report and Recommendation [Doc. 32]

At the time that the Court issued its recommendation that Mr. Upshaw be prohibited from testifying, the trial of this matter was set for May 19, 2014, and the majority of the pretrial deadlines set in the case had expired. The trial has now been continued to July 13, 2015. This continuance was directly linked to the Plaintiff's failure to cooperate in discovery and failure to comply with pretrial deadlines.

Thus, the Court is faced with a scenario in which the urgency on which it based its previous decisions has dissipated somewhat. However, this reprieve was necessitated by Plaintiff's own failures to comply with Court's Orders, and the Court will not reward the fact that the fallout from Plaintiff's failures culminated in a trial continuance.

For these reasons and as more fully stated at the hearing, the Amended Report and Recommendation will be **ADOPTED IN PART.** Mr. Upshaw will be permitted to testify at the trial of this matter, so long as his submits to a timely deposition to be taken by Attorney Thomas M. Hale *at the Plaintiff's cost*. The Plaintiff **SHALL PRODUCE** Mr. Upshaw in Knoxville,

Tennessee, on a date and time agreed upon by the parties. The Plaintiff **SHALL DEPOSIT $2,000.00** with the firm of Kramer Rayson LLP at least one week prior to the agreed-upon deposition date. This deposit will be used to defray the Defendant's attorney's fees and costs associated with taking Mr. Upshaw's deposition. The Court does not expect that any of the deposited amount will be returned to the Plaintiff, and if the attorney's fees and costs incurred by Defendant in taking the deposition exceed the amount on deposit, the Defendant may move the Court to award additional fees and expenses.

B.      **Motion to Dismiss for Failure to Comply with the Scheduling Order [Doc. 35]**

The Court finds that the basis for the Motion to Dismiss for Failure to Comply with the Scheduling Order **[Doc. 35]** has been rendered effectively moot. Therefore, it is **DENIED AS MOOT**. Nonetheless, the Plaintiff is **ADMONISHED** that, given its previous actions in this case, any future failure to comply with the Court's Orders or the Federal Rules of Civil Procedure will almost certainly result in the imposition of sanctions, including *inter alia* dismissal of this action, see Fed. R. Civ. P. 37.

III.     **CONCLUSION**

Based upon the foregoing and for the reasons more fully stated at the hearing:

1. The Amended Report and Recommendation **[Doc. 32]** is **ADOPTED IN PART;**
2. The Motion for Sanctions **[Doc. 24]** is **GRANTED IN PART** and **DENIED IN PART**;
3. The Motion to Dismiss for Failure to Comply with the Scheduling Order **[Doc. 35]** is **DENIED AS MOOT;** and

4. The Plaintiff is **ORDERED** to produce Mr. Upshaw in Knoxville, Tennessee, on a date and time agreed upon by the parties and to deposit **$2,000.00** with the firm of Kramer Rayson LLP at least one week prior to the agreed-upon deposition date.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge